United States District Court
Northern District of Texas
Dallas Division

| | |
|---|---|
| KOURI CARTER | § |
| | § |
| Plaintiff, | §   CIVIL ACTION NO. |
| | § |
| | §   _____ |
| | § |
| UNITED PARCEL SERVICE, INC. | § |
| | § |
| Defendant. | § |
| | § |
| | § |

PLAINTIFF'S ORIGINAL COMPLAINT

Kouri Carter now files this Original Complaint, and would show the Court as follows:

## I.   PARTIES

1. Plaintiff Kouri Carter is an individual residing in Tarrant County, Texas.

2. Defendant, United Parcel Service, Inc. is an Ohio corporation headquartered in Atlanta, Georgia and may be served with process through its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701.

## II.   JURISDICTION

3. This suit is authorized and instituted pursuant to The Uniformed Services and Reemployment Rights Act (38 U.S.C 4301-4333). This court has original jurisdiction over the claims asserted herein pursuant to 38 U.S.C. § 4323(b)(3).

### III.  VENUE

4. Venue is proper in this court pursuant to 38 U.S.C. § 4323(c)(2) because the Defendant is a private employer which maintains a place of business in Dallas County, Plaintiff worked at that location in Dallas County, and the activities giving rise to Plaintiff's claims took place in this district.

### IV.  FACTS

5. Plaintiff was an employee of Defendant for over 10 years.

6. Plaintiff worked in the position of an On Road Supervisor for Defendant.  His duties consisted of driving and training drivers in delivering items for Defendant.  At no time during his employment was Plaintiff subjected to disciplinary action or reprimanded for his performance and/or behaviors.  Plaintiff's employment and career were on a positive trajectory in that he had continued to show improvement and continued to receive promotions and pay raises throughout his career.

7. Accordingly, Plaintiff received a significant pay raise on or about March 1, 2012.

8. On or about March 6, 2012, Plaintiff enlisted in the U.S. Army Reserves and was sworn in for duty on that same day.

9. On or about March 9, 2012 Plaintiff informed his supervisors and managers at Defendant of his enlistment in the U.S. Army Reserves and his need to attend basic training during March 2012.

10. Defendant, by and through its managers and supervisors, made derogatory remarks and comments regarding Plaintiff's enlistment in the U.S. Army Reserves and need to attend basic training. Plaintiff's supervisors and managers complained about the difficulty in training its drivers while Plaintiff was in basic training. At least one manager used repeated profanity to express his displeasure with Plaintiff's enlistment in the U.S. Army Reserves and need to miss work due to basic training.

11. After only two days of informing Defendant of his enlistment in the U.S. Army Reserves and need for military leave, Plaintiff was suspended from his duties at Defendant. Plaintiff was taken out of service on or about March 13, 2012 and suspended from his employment with Defendant. Plaintiff was treated differently and more harshly than other employees that had not enlisted with the U.S. Army Reserves and requested time off for basic training. Defendant also failed to follow its own policies with respect to Plaintiff's terms and conditions of employment, including his termination, which is evidence of its discriminatory intent with regard to Plaintiff. Finally, the timeline of the termination (only days after informing Defendant of his enlistment) is some evidence of Defendant's discriminatory animus against the Plaintiff for joining the U.S. Army Reserves in violation of the United Services Employment and Reemployment Act (USERRA) 38 U.S.C. § 4311.

12. Defendant was illegally terminated from his employment with Defendant on or about March 23, 2012 just days before he was required to attend basic training on March 26, 2012.

### V. First Cause of Action – USERRA Violation

13. Plaintiff incorporates paragraphs 1-12 herein by reference as if set forth in full.

14. Plaintiff exercised his right to enlist in the U.S. Army Reserves and was required to attend basic training as part of that commitment.

15. Defendant terminated Plaintiff for enlisting in the U.S. Army Reserves and for his need to attend basic training in violation of 38 U.S.C. § 4311. Defendant treated Plaintiff differently and more harshly than other similarly situated employees that had not enlisted in the U.S. Army Reserves and did not need to miss work in order to attend basic training.

16. As a proximate result, Plaintiff suffered damages in excess of the minimal jurisdiction levels of this Court, for which he sues herein.

17. In addition, Defendant's conduct was intentional or was taken in willful disregard of Plaintiff's federally protected rights, therefore justifying the imposition of punitive damages. Plaintiff claims entitlement to liquidated damages if the court determines that Defendant's failure to comply with the provisions of USERRA was willful.

18. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's illegal termination of Plaintiff.

19. Plaintiff has been required to retain the undersigned counsel in order to assert his rights under USERRA, and therefore he is entitled to recover his reasonable and necessary attorney's fees.

## VI.  Prayer

20. Plaintiff incorporates Paragraphs 1-17 herein by reference, as set forth in full.

21. Plaintiff prays that the Court enter judgment in his behalf and award him damages, including:

   a.  Back pay;

   b.  Front pay;

   c.  Lost benefits, past and future;

   d.  Compensatory damages;

   e.  Punitive damages;

   f.  liquidated damages

   g.  damages for mental distress

   g.  Costs of Court; and

   h.  Reasonable and necessary attorney's fees, along with pre-and post-judgment interest at the highest rate permitted by law.

## VII.  Jury Demand

22. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff requests that the Court enter judgment for Plaintiff as described herein, that Plaintiff be awarded damages as set forth above, and that Plaintiff be awarded such additional recovery to which the Court finds

him justly entitled.

                        Respectfully submitted


                        _s/Tara Tankersley_____
                        Tara Tankersley
                        Texas Bar No. 19363900
                        2200 Forest Park Blvd
                        Fort Worth, TX 76110
                        E-mail: taratank@flash.net
                        Telephone: 817-926-8808
                        Fax:  817-926-6307


                        ATTORNEY FOR PLAINTIFF