UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KOURI CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-2802-B |
| | § | |
| UNITED PARCEL SERVICE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant United Parcel Service, Inc.'s Rule 12(b)(6) Partial Motion to Dismiss (doc. 7), which was filed on September 18, 2013. For the reasons stated below, Defendant's Motion is **GRANTED.**

## I.

## BACKGROUND

This case arises under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et seq.* ("USERRA"). Plaintiff Kouri Carter alleges that his former employer, Defendant United Parcel Service, Inc. ("UPS"), terminated him for enlisting in the United States Army Reserves and requiring time off to attend basic training. Compl. 4. For this alleged violation, Plaintiff seeks, *inter alia*, an award of punitive and mental anguish damages. *Id.* at 5. Defendant presently moves the Court to dismiss Plaintiff's requests for such damages. Defendant argues that these remedies are not recoverable under USERRA. Def.'s Mot. 1. Plaintiff insists, however, that punitive damages and relief for mental anguish are "open questions" in the Fifth Circuit. Pl.'s Resp. 3. Further, Plaintiff argues these awards are consistent with the expansion of the

statue and "the clear intent of Congress to eradicate discrimination on the basis of military service." *Id.* at 4.

## II.

## ANALYSIS

A.  *Rule 12(b)(6)*

Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

B.  *Uniformed Services Employment and Reemployment Rights Act*

The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") was "adopted to prohibit discrimination against members of the armed forces because of that service." *Carder v. Continental Airlines, Inc.*, 636 F.3d 172, 174 (5th Cir. 2011). Specifically, the Act provides that:

> A person who is a member of, applies to be a member of, . . . or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership or obligation.

38 U.S.C. § 4311(a). The Fifth Circuit has remarked that "we cannot ignore the Congressional mandate that the statute be broadly construed to prevent discrimination of service members." *Carder*, 636 F. 3d at 177. What's more, in 2011 Congress revised the definition of the term "benefit" within the statute to include "terms, conditions, or privileges of employment," which is a "broad phrase" that the Supreme Court has held "evinces a congressional intent to strike at the entire spectrum of men and women in employment." VOW to Hire Heroes Act of 2011, Pub. L. No. 112–56, § 251, 125 Stat. 711 (2011); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986)(internal quotation marks omitted).

With respect to the remedies available under the statute, USERRA is explicit that a court may require an employer to (1) comply with the provisions of the chapter; (2) compensate the plaintiff for lost wages or benefits; and (3) pay the plaintiff liquidated damages in the amount equal to the lost wages, if the court determines the employer's violation of the statute was willful. 38 U.S.C. § 4323(d). In addition, "[t]he court shall use, in any case in which the court determines it is appropriate, its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter." *Id.* at § 4323(e). In addition, USERRA provides that "[n]othing in this chapter shall supersede, nullify, or diminish any Federal or State law . . . contract, agreement, policy, plan, practice, or other matter that establishes a right or benefit that is more beneficial to, or is in addition to, a right or benefit provided for such person in this chapter." *Id.* at § 4302(a). Thus, "USERRA

leaves open the potential for a plaintiff to assert state claims that provide greater rights or benefits than those set forth in USERRA." *Williams v. Sysco S.F., Inc.*, No. C 10–03760 MEJ, 2013 WL 1390695, at *4 (N.D. Cal. Apr. 4, 2013).

Defendant has provided this Court with several cases—albeit from other districts—that directly address the type of relief available under USERRA. *See* Defs.' Mot. 2 (collecting cases). Each indicates that the statute does not provide for mental anguish or punitive damages. *See Dorris v. TXD Servs., LP*, No. 1:10–CV–93–KGB, 2012 WL 3149106, at *3 (E.D. Ark. Aug. 1, 2012) ("The USERRA does not allow for recovery of damages for mental anguish, pain or suffering, nor does USERRA allow for the recovery of punitive damages.") (internal quotation marks omitted), *rev'd on other grounds,*— F.3d —, 2014 WL 747476 (8th Cir. 2014); *Dees v. Hyundai Motor Mfg. Ala., LLC*, 605 F. Supp. 2d 1220, 1229 (M.D. Ala. 2009) ("This remedial scheme conspicuously omits any recovery for mental anguish, pain and suffering, and punitive damages."); *Sutherland v. SOSi Int'l, Ltd.*, No. 1:07–CV–557, 2007 WL 2332412, at *2 (E.D. Va. Aug. 10, 2007); *Vander Wal v. Sykes Enters.*, 377 F. Supp. 2d 738, 745 (D.N.D. 2005). Even one of the two authorities that Plaintiff offers acknowledges that, in cases in which a plaintiff alleges he suffered emotional distress, mental anguish, humiliation, and mental injuries as a result of defendant's conduct, "the compensatory and liquidated damages authorized in USERRA do not provide an avenue for Plaintiff to seek full recovery for such injuries."[1] *Williams*, 2013 WL 1390695, at *4. Indeed, the Court is unaware of any

---

[1] Plaintiff also relies on *Vickers v. City of Memphis*, 368 F. Supp. 2d 842, 845 (W.D. Tenn. 2005), regarding the existence of a hostile work environment claim under USERRA. *See* Pl's. Resp. 3. However, the Court does not find this case instructive with respect to its present inquiry. Not only is the question of a hostile work environment cause of action not before the Court, but the Fifth Circuit declined to follow *Vickers* in its *Carder* decision. *Carder*, 636 F.3d at 179. The Court will similarly not rely on *Vickers* here.

authority that *does* find punitive or mental anguish damages part of the remedies afforded under USERRA.

Though Plaintiff urges the Court to look to other anti-discrimination statutes, such as Title VII, that offer more extensive remedies, his authorities simply do not persuade the Court that it is prudent to ignore both the clear language of the statute and the case law before it. *See* Pl.'s Resp. 3; *Carder*, 636 F.3d at 175 ("Statutory interpretation begins with the statute's plain language."). What's more, the recent expansion of USERRA to which Plaintiff refers—namely, the VOW to Hire Heroes Act of 2011, did not include any changes to the law's remedial scheme. *See* VOW to Hire Heroes Act § 251. If Congress had intended courts to award punitive or mental anguish damages for violations of USERRA, it could easily have expressed that intent by adding such remedies to the statute's text. That Congress made no such changes, however, weighs against reading such remedies into what has already been written.

Because the Court finds that punitive and mental anguish damages are not available under USERRA, Defendant's partial motion to dismiss Plaintiff's claim with respect to these damages is **GRANTED**.

## III.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED.** Accordingly, Plaintiff's claims for punitive and mental anguish damages are **DISMISSED** for failure to state a claim on which relief can be granted.

**SO ORDERED.**

**SIGNED: April 8, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE